CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 29 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| REGINALD KEITH BALL, | ) | CASE NO. 7:14CV00438 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| JEFFREY ARTRIP, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

Reginald Keith Ball, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that in classifying him to long-term segregation status, prison officials violated his due process rights by knowingly relying on false information that Ball had conspired to kill a warden. Upon review of the record, the court finds that the action must be summarily dismissed.

## Background

Ball is now a segregation inmate at Red Onion State Prison. On May 5, 2014, the institutional classification authority ("ICA") recommended that Ball's security classification be changed to level "S." As support for this change, the ICA report noted: "Offender Ball was part of the conspiracy to kill Warden Fleming of KMCC and while housed at WRSP he received [and has been convicted of] a 106 infraction for sexually assaulting a nurse." (ECF No. 4, at 3.) The change to level "S" was upheld on appeal.

Ball insists that he was not involved in this conspiracy, so the classification was erroneous. He submits a copy of a Virginia Department of Corrections ("VDOC") report of the investigation into an inmate conspiracy to kill Warden Fleming, which does not mention Ball's name. Despite this information and Ball's complaints, the regional administrator approved the

classification change.  In rejecting Ball's Level II appeal of the status change, the administrator found that the status change was appropriate and stated: "It is noted that as of July 16, 2014, you currently have four active felony charges with Buchanan Circuit Court; 1. Gang Participation in Criminal Act, 2. Conspiracy Murder 1st Degree, 3. Provide Prisoner with Cell Phone, 4. Possession Cell Phone by Prisoner."[1]  (ECF No. 4, at 17.)

In this § 1983 action, Ball sues the officials who reclassified him or upheld that decision. He seeks monetary and injunctive relief.

## Discussion

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  A plaintiff bringing suit under §1983 must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

An inmate's federally protected liberty "interests are limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force,[2] nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v.

---

[1] Court records available online confirm that these four criminal charges are currently pending against Ball in Buchanan Circuit Court.

[2] Ball states no facts on which the court could find under Sandin that the defendants' actions violated his substantive due process rights.  "[C]onduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct."  Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010).  The status change of which Ball complains does not increase his term of confinement, nor does it approach a shock to the conscience, particularly in light of the serious criminal charges pending against him.

2

Conner, 515 U.S. 472, 484 (1995). If the status change that an inmate challenges did not impose atypical hardship on him, then he has no federally protected liberty interest, and he is not entitled to federal due process protections before prison officials may implement that change. Id. at 486-87. Courts have found that Virginia's classification scheme governing prisoners' custody and security classifications does not create a liberty interest in avoiding changes in these classifications, precisely because these classifications are subject to change, based on inmate behavior and prison officials' discretion. Oliver v. Powell, 250 F. Supp. 2d 593, 605 (E.D. Va. 2002); Garrett v. Angelone, 940 F. Supp. 2d 933, 943 (W.D. Va. 1996).

Ball fails to show that he has a protected liberty interest. He does not state any facts concerning the conditions of his confinement in long-term segregation or specify any respect in which those conditions present any atypical difficulty or discomfort when compared to other VDOC confinement categories. Thus, he has not shown that the decision to place him in long-term segregation implicates any federal right to particular procedural protections,[3] Sandin, 515 U.S. at 484, and his § 1983 due process claim must be summarily dismissed. To the extent that he complains about prison officials' failure to follow state classification procedures, such state regulation issues are not actionable under § 1983. See Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990).

---

[3] In limited circumstances, a prisoner may state an actionable § 1983 claim when he alleges that officials have refused to remove false information in his inmate file which authorities will rely upon in some constitutionally significant decision, such as parole review. Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979). As stated, Ball fails to demonstrate that the classification decision he challenges has any constitutional significance. Moreover, the absence of Ball's name in the VDOC investigation report is hardly definitive proof of his innocence, in the face of pending criminal charges. Accordingly, the court cannot find that Ball is entitled to pursue a § 1983 claim under Paine at this time.

3

## Conclusion

For the reasons stated, the court dismisses Ball's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 29th day of September, 2014.

*/s/ Glen Conrad*
Chief United States District Judge