IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **REGINALD KEITH BALL,** | ) | CASE NO. 7:14CV00438 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| **JEFFREY ARTRIP, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

This closed matter is before the court on plaintiff's motions seeking reinstatement and amendment. Reginald Keith Ball, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that in classifying him to long-term segregation status, prison officials violated his due process rights by knowingly relying on false information that Ball had conspired to kill a warden. By opinion and order entered September 29, 2014, the court summarily dismissed this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a constitutional claim actionable under § 1983. Ball now moves to amend his complaint to add additional defendants and to challenge the court's ruling that his allegations fail to state an actionable claim under Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979). Ball's motions must be denied.

The court cannot agree that Ball's allegations, even as amended, state any actionable claim under § 1983. For the reasons discussed in the court's prior opinion, he fails to state specific facts regarding the manner in which authorities have relied (or will rely) on the allegedly false information in his file in making any constitutionally significant decision. Baker, supra. Moreover, Ball does not demonstrate that he has filed a request to have the false information

removed from his file and pursued that claim through all levels of the grievance proceedings.[1] Until he does so, he has not exhausted available administrative remedies, as required under 42 U.S.C. § 1997e(a). Finally, Ball fails to show any reason that this case, which was dismissed without prejudice, should be reinstated. For these reasons, the court will deny plaintiff's pending motions. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of October, 2014.

/s/ Glen Conrad
Chief United States District Judge

---

[1] In the grievance proceedings documented by Ball's submissions, Ball asked for reversal of a classification decision, which authorities denied. The court takes judicial notice of the fact that prison officials generally address only one issue per grievance. Ball does not demonstrate that he has made any separate request for authorities to remove the allegedly false information from his file -- by first filing a request for services on the issue and then pursuing an informal complaint and the regular grievance procedure, if the issue is not satisfactorily resolved.

2